**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| LARRY NALLS, | : | Case No. 3:22-cv-00243 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| MONTGOMERY COUNTY | : | |
| PROSECUTOR'S OFFICE, et al., | : | |
| | : | |
| Defendants. | : | |

---

**OPINION AND ORDER QUASHING SUMMONS**
**AND ORDERING SERVICE TO BE STAYED**

---

Plaintiff, an inmate in state custody, filed this civil rights action against numerous defendants. This matter is before the Court on Defendant Michael R. Merz's Motion for Pre-Service Screening and a Stay of Service (Doc. 7) and Motion to Quash Purported Service of Process (Doc. 9).

The Prison Litigation Reform Act ("PLRA") requires this Court to conduct an early review, or initial screening, of every civil complaint in which a prisoner seeks relief from a governmental entity, its officer, or its employee. 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(A)(b). The Court must screen such civil

1

complaints even if the prisoner paid the full filing fee or is represented by counsel. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Notably, the Court is required to conduct this initial screening "***before docketing, if feasible*** or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a) (emphasis added). The emphasized language is instructive. A complaint is "docketed" when it is filed and a case number is assigned. A complaint cannot be served until after it has been filed (i.e., docketed). *See* Fed. R. Civ. P. 4(m) (the ninety-day time limit for serving the complaint runs from the date the complaint is filed).

Therefore, the statute plainly requires the Court to screen the Complaint before it is served on putative defendants. *See, e.g., Mobley v. Mohr*, No. 2:11-cv-186, 2011 U.S. Dist. LEXIS 102700, *1 (S.D. Ohio Sept. 12, 2011) (Marbley, J.) ("[T]he Court is required by statute to screen the complaint ***before service of process occurs*** to determine if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or states a claim against a person who is immune from suit.") (emphasis added).

This procedure was not followed in this case. Instead, the Clerk of Court filed (i.e., docketed) the Complaint on August 25, 2022, and issued the requested summons the very next day. (Doc. 3.) Service of process has been purportedly executed on numerous Defendants. (Doc. 8 & 22.) However, because 28 U.S.C. § 1915A(a) requires the Court to screen the Complaint before it is served, none of this service was proper.

Accordingly, Defendant Michael R. Merz's Motion for Pre-Service Screening and a Stay of Service (Doc. 7) and Motion to Quash Purported Service of Process (Doc. 9) are GRANTED. The Court ORDERS that all summons issued in this case to any and all

2

defendants be QUASHED and that service of process be STAYED. The Court will address the issue of service after it has completed its initial screen of the Complaint.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　 */s/ Caroline H. Gentry*
　　　　　　　　　　　　　　　　　 Caroline H. Gentry
　　　　　　　　　　　　　　　　　 United States Magistrate Judge

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.