## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

LARRY NALLS,                                    :    Case No. 3:22-cv-243
                                                :
     Plaintiff,                               :
                                                :
                                                :    District Judge Thomas M. Rose
vs.                                             :    Magistrate Judge Caroline H. Gentry
                                                :
MONTGOMERY COUNTY                               :
PROSECUTOR'S OFFICE, et al.,                    :    **REPORT AND**
                                                :    **RECOMMENDATION**
     Defendants.                              :

Plaintiff, a prisoner at the Noble Correctional Institution, has filed a pro se civil rights complaint and amended complaint in this Court. (Doc. 1, 5). This matter is before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b).[1]

Also before the Court are the motions to dismiss of defendants Montgomery County Prosecutor's Office, E. Gerald Parker Jr., John Hayes Rion and John Paul Rion, Charles L. Grove, Michael Brush, Wayne Miller, and Lucas W. Wilder (Doc. 11, 12, 13, 15, 17, 18, 25); plaintiff's motion to stay, appointment of counsel, and for a preliminary injunction (Doc. 20); and plaintiff's motion requesting leave to file a motion to deny defendants' motions to dismiss (Doc. 40).

---

[1] The screening procedures established by § 1915 apply to complaints filed by prisoners against governmental entities, officials or employees regardless of whether the plaintiff has paid the filing fee, as in this case, or is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915A(a); *Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001); *Bell v. Rowe*, No. 97-4417, 1999 WL 196531, at *1 (6th Cir. Mar. 22, 1999) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).

For the reasons that follow, it is recommended that plaintiff's complaint, as amended, be dismissed at the screening stage. 28 U.S.C. § 1915A(b). In light of this recommendation, it is further recommended that the remaining pending motions be denied as moot.

## I. Screening of Plaintiff's Complaint

### A. Legal Standard

Congress requires the *sua sponte* dismissal of prisoner complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does

2

a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Allegations in the Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that defendants—prosecutors, public defenders, judges, and other attorneys and individuals—violated his constitutional rights in connection with his state-court criminal conviction and subsequent litigation in state and federal courts. Plaintiff alleges that defendants "knowingly, intentionally, and incessantly since 1989 to present, acting in conspiracy and collusion together, with other state actors, and with others, with the intent to, and did, violate Plaintiff's rights secured by the United States Constitution, which constitutional right violations resulted [in] Plaintiff [being] wrongfully convicted and imprisoned from 1989 to 2006 and for over seventeen (17) years, and under a cloud as a convicted felon over the past thirty-three (33) years." (Doc. 1, Complaint at PageID 3). The complaint and amended complaint detail plaintiff's litigation history from 1989 to present, alleging that the named defendants all colluded and conspired against him.

Plaintiff first claims that his 1989 rape conviction in the Court of Common Pleas of Montgomery County, Ohio is illegal, unconstitutional, and obtained through government misconduct. (*Id.*). Plaintiff alleges that defendant Montgomery County prosecutors Linda L. Howland and Lee C. Flake coerced a perjured statement from the state's key witness and threatened other witnesses. (*Id.* at PageID 3-4). Plaintiff claims that defendant public defender Charles L. Grove conspired with the prosecutor defendants and withheld discovery and favorable evidence from him. (*Id.* at PageID 3, 5). Finally, plaintiff claims that defendant judge Carl D.

Kessler conspired with defendants Howland, Flake, and Grove by postponing his trial and subsequently conducting the trial in the absence of plaintiff's witnesses. (*Id.* at PageID 4).

Plaintiff alleges that in 1998 he filed a motion for a new trial based on newly discovered evidence. Although plaintiff alleges that his attorney at the time, defendant Richard Nystrom, did not timely file the motion in conspiracy with Howland and Grove, the trial court apparently accepted the motion and held a hearing on it. According to plaintiff, defendant judge A.J. Wagner colluded with Howland and violated plaintiff's due process rights by finding plaintiff's witness was not credible, ending the hearing, and denying the motion.[2]

Plaintiff next claims that the Ohio Adult Parole Authority[3] conspired against him by releasing him from prison in September of 2006. According to plaintiff, he was unexpectedly released after the Ohio Innocence Project—which plaintiff claims typically only accepted cases in which DNA would be outcome determinative—informed him that funding was available for cases requiring investigation. Because of his release, however, plaintiff claims that the Innocence Project could not represent him. (*Id.* at PageID 5-6). Plaintiff claims his "unscheduled and unexpected release from prison by the Ohio Adult Parole Authority two (2) years prior to Plaintiff's next parole hearing date was, knowingly and intentionally, in conspiracy and collusion with other state actors, with the intent to, and did, prevent representation by the Innocence Project, in violation of plaintiff's constitutional right to due process of law." (*Id.* at PageID 6).

Plaintiff alleges that the defendants involved in his domestic relations proceedings also conspired against him. Plaintiff claims that defendant Denise Cross, an administrative judge in

---

[2] Plaintiff appealed the ruling to the Ohio Court of Appeals, which affirmed the judgment of the trial court. *See State v. Nalls*, No. 19065, 2002 WL 1150832 (Ohio App. 2nd May 31, 2002).

[3] The Ohio Adult Parole Authority is not named as a defendant to this action. (*See* Doc. 1 at PageID 1-2; Doc. 5 at PageID 33-34).

the Domestic Relations Court of Montgomery County, Ohio, denied plaintiff discovery and impartiality in his 2015 divorce case.[4] (Doc. 1, Complaint at PageID 6). Plaintiff further contends that Cross, along with defendant magistrate Annette McGee Wright, conspired to deprive him of witnesses and exhibits in an October 24, 2019 hearing.[5] Plaintiff also alleges that Cross, Wright, and defendant court reporter Linda Zell conspired to deprive him of transcripts for appeal and "lied to the Court of Appeals" in the July 9, 2020 decision and judgment entered in that case. (*Id.* at PageID 7).

The complaint and amended complaint also include allegations of conspiracy brought in connection with plaintiff's litigation in the federal court. (Doc. 1 at PageID 5; Doc. 5 at PageID 35-36). On October 16, 2002, petitioner filed a petition for a writ of habeas corpus in *Nalls v. Warden*, Case No. 3:02-cv-470 (Rose, J.; Merz, M.J.) (October 16, 2002). Plaintiff alleges that he was appointed counsel by the Court, but that he hired the Rion firm (and defendants John H. Rion and John P. Rion) to represent him. (*Id.* at PageID 5). According to plaintiff, defendant Michael R. Merz—the referred magistrate judge in his habeas action—conspired with defendants Mathias H. Heck, Howland, Grove, Nystrom, John H. Rion, and John P. Rion to deprive plaintiff of notification of adverse rulings in his case. (Doc. 5 at PageID 35). Specifically, plaintiff claims that Merz intentionally did not provide him with notification of a September 27, 2003 Report and Recommendation.

---

[4] It appears that plaintiff refers to Case No. 2014 DR 351, which was filed on April 10, 2014. The Montgomery County, Ohio online docket records indicate that a Final Judgment & Decree of Divorce was granted on October 1, 2015. Available at https://pro.mcohio.org/ under Case No. 2014 DR 351. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[5] Plaintiff's allegations appear to refer to a hearing in Case No. 2019 DV 01630, which resulted in an Order of Protection issued against him and plaintiff's appeal to the Ohio Court of Appeals in Case No. CA 028699. Viewed at https://pro.mcohio.org/ under Case No. CA 028699. *See supra* n.4.

Plaintiff further complains that Merz improperly intervened in a prisoner civil rights action filed in this Court. *See Nalls v. State of Ohio*, Case No. 3:21-cv-238 (Rose, J.; Merz, M.J.) (Aug. 30, 2021). On March 7, 2022, the case was transferred to Merz from another magistrate judge "to help balance the workload in the Southern District of Ohio." *Id.* at Doc. 24. Plaintiff, however, claims that Merz interfered with the case to further the conspiracy between Merz and the other defendants. (Doc. 5 at PageID 35). The amended complaint includes various allegations that Merz misrepresented facts in Report and Recommendations issued in his cases. (*Id.* at PageID 35-36). According to plaintiff, Merz colluded and conspired with the other defendants named in this action to violate his constitutional rights.

Finally, plaintiff also makes allegations of an ongoing conspiracy in connection with his recent criminal case in the Montgomery County Court of Common Pleas, Case No. 2020 CR 01992. Review of the online docket records indicates that plaintiff was convicted of having weapons while under disability, gross sexual imposition, and illegal use of minor in nudity-oriented material or performance. Plaintiff has filed an appeal, which remains pending in the Ohio Court of Appeals.[6]

Consistent with the rest of the complaint, plaintiff alleges that the defendants involved in his indictment, trial, conviction, and sentence colluded and conspired against him. For example, plaintiff claims that in "2020 through 2021, Montgomery County Prosecutor Mathias H. Heck, assistant prosecutors Bryan R. Moore and Elizabeth L. McCormick, Judge E. Gerald Parker, Jr., and Michael P. Brush, knowingly and intentionally, acted in conspiracy and collusion together, with other state actors, and with others, with the intent to, and did, violate Plaintiff's right to a speedy trial." (Doc. 1 at PageID 8). According to plaintiff, defendants improperly tolled time

---

[6] Viewed at https://pro.mcohio.org/ under Case No. CA 029605 and 2020 CR 01992. *See supra* n.4.

against him and granted continuances without any basis for doing so.  Plaintiff further contends that his attorneys, defendants Brush and Lucas Wilder, contributed to the conspiracy by scheduling and rescheduling his trial.

The complaint includes additional allegations related to his criminal case, including that defendant Parker—allegedly in conspiracy with the other defendants—entered an order striking his pro se motions, failed to consider his motion to dismiss the indictment, and denied his request for a hearing and discovery.  (*Id.* at PageID 8-9).  Plaintiff also claims that his attorney, defendant Wilder, conspired with the defendant prosecutors with respect to a motion to submit documents; that private investigator defendant Wayne Miller, "failed to contact and subpoena the material witnesses for Plaintiff's trial;" and that defendants Cross and McGee conspired against him by failing to disclose discovery in their possession from plaintiff's domestic relations proceedings. (*Id.* at PageID 8, 9).  Finally, plaintiff seeks to hold the defendant prosecutors liable in connection with evidence obtained from plaintiff's electronic devices, which apparently served as the basis for an amended indictment and additional charge(s) brought against plaintiff at trial.  (*See* Doc. 5 at PageID 37-38).

As relief, plaintiff seeks monetary damages.  (Doc. 1, Complaint at PageID 10).

**C.  Analysis**

As an initial matter, it is clear from the face of the complaint that many of plaintiff's claims are time-barred.  Plaintiff's civil rights complaint is governed by Ohio's two-year statute of limitations applicable to personal injury claims.  *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S.

384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) ("the settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions … because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages") (internal citation and quotation marks omitted).

Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted. *See Jones v. Bock,* 549 U.S. 199, 215 (2007). *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury), *aff'd*, 529 F. App'x 558 (6th Cir. 2013).

Here, it is clear from the face of the complaint that plaintiff's claims regarding his 1989 criminal conviction, 1998 motion for a new trial, 2002 habeas corpus action, 2006 release on parole, and 2015 domestic relations proceedings are time-barred. As noted above, plaintiff claims that defendants conspired to violate his constitutional rights in each of these proceedings. However, plaintiff did not file the instant case until June 30, 2022, long after the limitations period expired with respect to these claims. Therefore, plaintiff's claims stemming from the 1989

8

criminal conviction, 1998 motion for a new trial, 2002 habeas corpus action, 2006 release on parole, and 2015 domestic relations proceedings are subject to dismissal at the screening stage on statute of limitations grounds.

Moreover, even if these claims were not subject to dismissal based on the applicable statute of limitations, the complaint—including his timely claims—should still be dismissed.  As detailed above, the complaint asserts that the entirety of his litigation history from 1989 to present was the result of a conspiracy amongst defendants.  In sum, plaintiff alleges that "[f]rom at least by in or about August 1989, and continuing thereafter to the present" defendants conspired to "deprive Plaintiff of Plaintiff's right to due process of law and other rights to, and did, wrongfully convict and imprison Plaintiff for seventeen years, which conviction is illegal unconstitutional, and obtained through government misconduct; thereafter, perverted and miscarried justice at every level of Court proceedings, in which the judges continue to be integral to the cohesiveness of conspiracy and collusion, where the judges, veiled behind a cloak of immunity, arrogantly permit and perform in conspiracy and collusion, are key to and a great causation of the deliberate injustices that have spiraled in and throughout Plaintiff's life and court proceedings over the past thirty-four years and counting, in addition to Montgomery County Common Pleas Court, and Montgomery County Prosecutor's Office, of which each were not only aware of, but were deliberately indifferent, ignored, and did not thing to stop the illegal misconduct in violation of Plaintiff's right to due process of law and other rights."  (Doc. 5 at PageID 37).

It is well-settled in the Sixth Circuit that conspiracy claims must be pleaded with "with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus,* 409 F. App'x 826, 835 (6th Cir. 2010); *see also Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir. 2009) (citing *Gutierrez*

*v. Lynch,* 826 F.2d 1534 (6th Cir. 1987)) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1983 because the plaintiff failed to plead the claims with the "requisite specificity").  Here, the plaintiff has failed to allege facts sufficient to assert a plausible claim that the defendants shared a conspiratorial objective or otherwise planned together to deprive him of a constitutionally-protected right.  Plaintiff's general, unsubstantiated, and conclusory claim of a conspiracy lacks the requisite specificity to state a cognizable claim under 42 U.S.C. § 1983.

Further, to the extent that plaintiff names the Montgomery County Prosecutor's Office and the Montgomery County Court of Common Pleas as defendants to this action, these defendants are not entities capable of being sued in a 42 U.S.C. § 1983 action.  Capacity to sue or be sued in the United States District Courts is governed by Fed. R. Civ. P. 17, which provides in pertinent part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ."  Fed. R. Civ. P. 17(b).  The Ohio Supreme Court has concluded that Ohio courts are not sui juris.  "Absent express statutory authority, a court can neither sue nor be sued in its own right."  *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248, 344 N.E.2d 126 (1976) (quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council,* 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973)).  *See Harsh v. City of Franklin, Ohio*, No. 1:07-cv-874, 2009 WL 806653, at *4 -5 (S.D. Ohio March 26, 2009) (holding the Warren County, Ohio Court of Common Pleas and City of Franklin Municipal Court not sui juris).

Similarly, the complaint must be dismissed as to the Montgomery County Prosecutor's Office, as the county office is not a "person" within the meaning of §1983 or a legal entity capable of being sued.  *See, e.g., Henry v. Allen*, No. 1:13-cv-701, 2013 WL 9839229, at *4 (S.D. Ohio Dec. 20, 2013) (Report & Recommendation) (finding that the Hamilton County Prosecutor's Office is not a legal entity capable of being sued), *adopted,* 2014 WL 5475275 (S.D. Ohio Oct. 29,

10

2014); *Schleiger v. Gratiot Cty. Prosecutor's Office,* No. 4:11-cv-13380, 2011 WL 7006407, at *2 (E.D. Mich. Nov. 30, 2011) (Report & Recommendation) (citing numerous cases holding that a county prosecutor's office is not an entity subject to suit under § 1983), *adopted,* 2012 WL 95757 (E.D. Mich. Jan. 12, 2012). The complaint should therefore be dismissed against the Montgomery County Court of Common Pleas and the Montgomery County Prosecutor's Office.[7]

The complaint must also be dismissed against defendant judges Parker, Cross, Wright, Wagner, Kessler, and Merz because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Plaintiff claims that these defendants conspired against him in scheduling and conducting his trials, issuing rulings on discovery and other motions, and based on alleged misrepresentations in their orders, judgments, and/or Report and Recommendations. Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985). Plaintiff's complaint alleges no facts to plausibly suggest that these defendants presided over matters for which they lacked subject matter jurisdiction or that they performed non-judicial acts. Accordingly, the complaint should be dismissed as to defendants Parker, Cross, Wright, Wagner, Kessler, and Merz.

The complaint against defendant court reporter Zell should also be dismissed. Plaintiff alleges that Zell informed plaintiff that she could not transcribe an October 24, 2019 hearing in

---

[7] Even if the Court liberally construed the complaint as being brought against Montgomery County, plaintiff fails to state a claim upon which relief may be granted because he does not allege that his constitutional rights were violated pursuant to a custom or policy of the county. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

Case No. 2019 DV 01630 because the video recording of the hearing did not have audio and Zell conspired with defendant Cross, who stated that the transcript was not available in a Decision and Judgment entered in the case.  (*See* Doc. 1 at PageID 7).  For the reasons stated above, plaintiff has pled insufficient facts to plausibly suggest that Zell shared a conspiratorial objective with the other named defendants.  His conclusory allegation that the "lie and denial by Linda Zell of the requested transcript was, knowingly, and with the intent to, and did, cover-up the impropriety, impartiality, and blatant miscarriage of justice by the Magistrate Annette McGee Wright, and by Judge Denise L. Cross" is also insufficient to meet the applicable pleading standards.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557.  With respect to plaintiff's claim that he requested the transcript for his appeal and any implied adverse impact on those proceedings, the undersigned notes that on November 10, 2020 the Ohio Court of Appeals determined that the record for appeal was in fact complete and the action was ultimately dismissed for plaintiff's failure to file an appellate brief. [8]

Plaintiff's claims against defendant prosecutors Heck, Falke, Howland, Moore, McCormick, and Smoot must also be dismissed because plaintiff seeks relief from defendants who are immune from such relief.  As summarized above, plaintiff seeks to hold these defendants liable in connection with their pursuit of criminal charges against him.  "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial.  *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986).  A prosecutor's initiation and

---

[8] Viewed at https://pro.mcohio.org/ under Case No. CA 028699.

presentation of a case to a grand jury falls within the traditional functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach,* 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson,* 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler,* 424 U.S. at 413, 430; *Buckley v. Fitzsimmons,* 509 U.S. 259, 267 n. 3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998). Because plaintiff seeks to hold the defendant prosecutors liable based on conduct intimately associated with the judicial phase of the criminal process, his claims against these defendants are subject to dismissal.

In addition, plaintiff's complaint fails to state a claim for relief under § 1983 against defendants Charles L. Grove, Lucas W. Wilder, Michael P. Brush, John Hayes Rion, Jon Paul Rion, and Richard Nystrom, his defense attorneys in his state criminal cases (Grove, Wilder, Brush, and Nystrom) and counsel in his federal habeas corpus proceeding (Rion & Rion), because they are not state actors. In order to maintain an action under § 1983, plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). These defendants were lawyers representing a client, not state actors within the meaning of § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying *Polk County* to retained criminal lawyers). *See also Catz v. Chalker*,

13

142 F.3d 279, 289 (6th Cir. 1998). [9]  Similarly, the complaint must also be dismissed against investigator Wayne Miller because he is not a state actor within the meaning of § 1983.  *See Robinson v. Good,* Case No. 17-3022, 2017 WL 770532, at *1 (D. Kan. Feb. 28, 2017) ("The defendant, a private investigator, is not a state actor.").

Finally, to the extent that plaintiff seeks money damages based on his alleged wrongful conviction and imprisonment, his § 1983 claims are also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[10]  As noted above, plaintiff claims that the named defendants conspired against him at all stages of his criminal proceedings.  According to plaintiff defendants' actions resulted in his wrongful conviction and imprisonment.  For relief, he seeks "the amount of $1.2 Million per year and or part of year" that he was wrongfully imprisoned, was on parole, and was subject to sex offender registration requirements.  (Doc. 1 at PageID 10).  However, a judgment in plaintiff's favor on any claim stemming from the state criminal proceedings against him would necessarily imply that his conviction and resulting imprisonment are invalid.  *See id.*, 512 U.S. at 487.  Because plaintiff has not alleged facts indicating that his conviction and resulting confinement have been

---

[9] Although plaintiff alleges that public defender Grove conspired with state actors, *see Tower v. Glover*, 467 U.S. 914, 923 (1984) ("[S]tate public defenders are not immune from liability under § 1983 for intentional misconduct, 'under color of' state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights."), the undersigned has already determined that plaintiff's claims regarding his 1989 trial and conviction are time barred and that plaintiff's conclusory allegations of conspiracy are subject to dismissal for failure to state a claim upon which relief may be granted.

[10] Plaintiff's complaint is also subject to dismissal to the extent that he challenges his state-court criminal convictions. Plaintiff's sole remedy in this regard is a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Where a state prisoner challenges the validity of his criminal conviction and seeks relief which would result in his immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Thus, to the extent plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies.  *See Preiser*, 411 U.S. at 500; *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985).

invalidated by a federal or state court or other appropriate tribunal, he may not proceed with such a claim for damages in this § 1983 action.[11]

Accordingly, in sum, because plaintiff has failed to state a claim upon which relief may be granted against the named defendants, the complaint, as amended, should be dismissed pursuant to 28 U.S.C. § 1915A(b).

### D. Pending Motions

As noted above, several motions remain pending before the Court. These include motions to dismiss filed by defendants Montgomery County Prosecutor's Office (Doc. 11), E. Gerald Parker, Jr. (Doc. 12), John Hayes Rion and John Paul Rion (Doc. 13), Charles L. Grove (Doc. 15), Michael Paul Brush (Doc. 17), Wayne Miller (Doc. 18), and Lucas W. Wilder (Doc. 25). Plaintiff has also filed a motion requesting to stay proceedings, appointment of counsel, and a preliminary injunction (Doc. 20), as well as motion requesting leave to file a motion to deny defendants' motions to dismiss (Doc. 40).

In light of the recommendation that plaintiff's complaint, as amended, be dismissed for failure to state a claim upon which relief may be granted, it is further recommended that all the pending motions (Doc. 11, 12, 13, 15, 17, 18, 20, 25, 40) be denied as moot.

---

[11] While dismissal under *Heck* is typically without prejudice, *see Wheeler v. Dayton Police Dep't.*, 807 F.3d 764, 767 (6th Cir. 2015), plaintiff's claims pertaining to his criminal convictions are subject to dismissal on independent grounds. As noted above, plaintiff's claims regarding his 1989 rape conviction are time-barred. Further, as to both convictions, it is recommended that plaintiff's claims against the remaining defendants named in connection with his criminal court proceedings—the Montgomery County Prosecutor's Office and the Montgomery County Court of Common Pleas, as well as judges (Kessler, Wagner, Parker, Cross, and McGee), prosecutors (Howland, Flake, Heck, Moore, and McCormick), attorneys (Groves, Nystrom, Brush, and Wilder), and other individuals (Miller)—be dismissed on immunity grounds or for failure to state a claim upon which relief may be granted. Accordingly, it is recommended below that the complaint be dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1.   The plaintiff's complaint, as amended, be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b).  In light of this recommendation, the remaining pending motions (Doc. 11, 12, 13, 15, 17, 18, 20, 25, 40) should be **DENIED as moot.**

2.   The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis.  See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


Date:   January 24, 2023                          */s/ Caroline H. Gentry*
                                                   Caroline H. Gentry
                                                   United States Magistrate Judge